CASE No. 913.

WALKER & TRENHOLM v. KEE.

1. The transfer of a note carries with it a mortgage given to secure its payment.

2. Promissory notes, payable to A & B, a partnership, were endorsed in blank by B with the firm name, and transferred to plaintiffs before maturity to secure advances made by plaintiffs to another firm of a different name, of which A, B & C were members; and afterwards A & B made an assignment of all their assets for the benefit of the creditors of that firm. *Held*, that whether A knew of the endorsement and transfer or not, the notes were the property of plaintiffs, they having had no notice of any misappropriation.

3. Circumstances sufficient to arouse the suspicions of plaintiffs would not impair their title to such paper.

Before Thomson, J., Lancaster, June, 1879.

This was an action commenced in January, 1879, by Walker & Trenholm against A. M. Kee, and against R. M. Miller and T. G. Cureton, assignees of Stevens & Cureton, to recover from Miller and Cureton a chattel mortgage given to Stevens & Cureton, in February, 1878, to secure the balance due upon three promissory notes, two of which endorsed in blank with the firm name of Stevens & Cureton, had been transferred in June, 1877, by Ardrey, Cureton & Co., acting through T. J. Cureton (a member of both firms) to secure advances promised by plaintiffs upon the faith of these collaterals, and made a few days afterwards. Judgment was also demanded against Kee for a sale of the mortgaged property, and for balance due upon the notes. Only the assignees answered. The facts are sufficiently stated in the opinion of the court. The mortgaged property was sold by the sheriff before the trial. The Circuit judge decreed that plaintiffs were entitled to the notes transferred to them, and ordered the proceeds of the mortgaged property to be turned over to them, and gave them judgment against Kee for the balance due.

*Messrs. Wylie & Hough*, for appellants.

*Messrs. Allison & Connors*, contra.

September 6th, 1880.   The opinion of the court was delivered by

McIVER, A. J.   J. H. W. Stevens and T. J. Cureton were co-partners in mercantile business in the county of Lancaster, under the name and style of Stevens & Cureton, and they, together with one J. W. Ardrey, were co-partners in a mercantile business, carried on in the county of York, under the name and style of Cureton, Ardrey & Co.   Stevens & Cureton entered into a written agreement with the defendant, Kee, for the sale of certain real estate, a part of the purchase money being secured by the notes hereinafter mentioned, which are the subject of controversy in this case.   Cureton, having possession of these notes, which were negotiable, endorsed them in blank with the name of the payees—Stevens & Cureton—and transferred them, before maturity, to the plaintiffs to secure advances to be made by them to Cureton, Ardrey & Co.   Some time after the making of these notes, the defendant, Kee, at the instance of the payees, Stevens & Cureton, executed to them a mortgage on certain personal property to secure the payment of said notes, under which the property has been sold and the proceeds of such sale is now in the hands of the sheriff awaiting the judgment of the court as to who is entitled to it.   The firm of Stevens & Cureton becoming embarrassed made an assignment for the benefit of their creditors, of all their assets, to the defendants, R. M. Miller and T. G. Cureton, subsequent, however, to the transfer of the notes to the plaintiffs, and the real controversy is between the plaintiffs and these assignees as to who has the best right to the notes in question and the mortgage given to secure their payment, or rather the proceeds of the sale of the property under such mortgage.   There does not seem to be any question made as to the mortgage going with the notes, and there could not well be, as the rule that the transfer or assignment of a bond or note carries with it a mortgage given to secure the payment of such bond or note is to well established to admit of dispute.

It is only necessary therefore to determine who has the best title to the notes.

Unless the holder of a negotiable note, transferred before it is due, is bound to inquire into the title of the person from whom he obtains it, the right of the plaintiffs is manifestly indisputable. Cureton, undoubtedly, as a member of the firm of Stevens & Cureton, had a right to endorse the notes in blank with the name of such firm, and, when so endorsed, they would pass by mere delivery, and the holder would be under no more obligation to inquire into the title of the person from whom he obtained them than he would be to inquire into the title of a person from whom he purchased a negotiable note, before maturity, payable to bearer. If the notes bore the genuine endorsement of the payees, as was unquestionably shown by the proof in this case, then the plaintiffs were not bound to inquire further. For, while it may be quite true that, *as between Stevens & Cureton, or as between them and a person affected with notice,* Cureton had no right to use these notes for any but partnership purposes, and, therefore, had no right to transfer them in payment of, or security for, the debt of another partnership, an innocent purchaser cannot be affected by any such considerations. In this case the Circuit judge has found, and we think his finding supported by the testimony, that the plaintiffs had no notice of any fact tending to show that the notes had been endorsed and transferred by one of the payees for an improper purpose, and, therefore, even assuming the fact to be as alleged, although the defendants have offered no proof of it, that T. J. Cureton was, without the knowledge or assent of his co-partner, using the notes due to Stevens & Cureton to secure debts contracted by Cureton, Ardrey & Co., the rights of the plaintiffs could not be affected thereby unless notice is brought home to them. We see nothing in the evidence calculated to arouse the suspicion of the plaintiffs. To secure a debt of Cureton, Ardrey & Co., they took negotiable notes, before maturity, in the usual course of business, which bore the genuine endorsement in blank of the payees, and although the notes showed upon their face that they were originally the property of Stevens & Cureton, yet at the same time the endorsement in blank showed that the orignal

owners had parted with their right to the notes, and that they were, in law, presumed to be the property of any person who held them. The plaintiffs might, therefore, very properly have assumed that these notes had been transferred by the payees to Cureton, Ardrey & Co., and that T. J. Cureton, as a member of the last mentioned firm, had a perfect right to transfer them.

But, even if the evidence showed that there was enough in the circumstances of the case to arouse the suspicions of the plaintiffs and excite them to inquire by what right T. J. Cureton, as a member of the firm of Cureton, Ardrey & Co., undertook to transfer notes due to another firm, of which he was also a member, for the purpose of securing the obligations of Cureton, Ardrey & Co., that would not be sufficient to defeat the claim of the plaintiffs. The rule that a mere suspicion that there may be a defect of title in the holder of negotiable paper, or that knowledge of circumstances which would excite suspicion as to his title in the mind of a prudent man, is not sufficient to impair the title of one who buys the paper before it is due, but that such result will only follow where there has been bad faith on the part of the purchaser, is now well established both in England and in this country. *Goodman* v. *Harvey,* 4 *A. & E.* 870 ; *Goodman* v. *Simonds,* 20 *How.* 343 ; *Murray* v. *Lardner,* 2 *Wall.* 110 ; *Cromwell* v. *County of Sac.* 96, *U. S.* 51, and has, upon at least two occasions, been recognized in this state. *Witte* v. *Williams,* 8 *S. C.* 301 ; *Walker* v. *State,* 12 *S. C.* 272–3. In this case there is not the slightest evidence of any bad faith on the part of the plaintiffs, and, hence, taking the view of the evidence most favorable to the appellants, there is nothing to invalidate the title of the plaintiffs.

The judgment of the Circuit Court is affirmed.

WILLARD, C. J., and McGOWAN, A. J., concurred.